**In re Clifford STINSON and Thelma Stinson d/b/a Otter Creek Farms, Debtors.**

**Bankruptcy No. 83–21340.**

United States Bankruptcy Court,
W.D. New York.

April 24, 1986.

Don B. Iwanicki, Batavia, N.Y., for debtor/respondents.

Gerald O. Williams, Batavia, N.Y., trustee/petitioner.

JOHN W. CREAHAN, Bankruptcy Judge.

The debtors above named filed their joint petition for relief under Chapter 11 of the Bankruptcy Code on December 7, 1983. They continued in the operation of their dairy farm until November 20, 1984, when at their request the case was converted to a case under Chapter 7. Presently before the Court is the trustee's objection to a certain exemption claimed by the debtors pursuant to section 522(b) of the Code. 11 U.S.C. § 522(b). The dispute has been submitted on the papers filed.

The debtors have claimed as exempt in their case "milk proceeds." The present form of the property involved is described as "letters of advice" issued by the Niagara Milk Cooperative, Inc. (Cooperative). These "letters" indicate the debtors' future entitlement to funds in excess of $18,000. The debtors claim that these funds are

unpaid "milk proceeds" and that they are exempt by virtue of the provisions of New York's Civil Practice Law and Rules, section 5205(f). This statute is applicable in the debtors' case.

Section 5205 reads in pertinent part as follows:

§ 5205. **Personal property exempt from application to the satisfaction of money judgments**

. . . .

(f) **Exemption for unpaid milk proceeds.** Ninety per cent of any money or debt due or to become due to the judgment debtor for the sale of milk produced on a farm operated by him and delivered for his account to a milk dealer licensed pursuant to article twenty-one of the agriculture and markets law is exempt from application to the satisfaction of a money judgment.

The language of the statute appears to be fairly simple and straightforward. The initial question is whether the "letters of advice" or the funds referred to in the "letters" are within the statute. The scant papers filed by counsel for the parties offer little in the way of guidance to the Court. They don't even offer argument. The objection merely states:

*Reason for Objection*

Niagara Milk Co-operative, Inc., advises that there are "letters of advice" which have a balance due for the year 1981 of $5004.16; for the year 1982 $5941.37; for the year 1983 $7103.95, and 1984 balance not yet available. These would not appear to be exemptable *(sic)*, or if allowed, would not be exemptable for their full value.

Papers filed in opposition to the objection are no more enlightening, stating only that the "letters of advice" represent unpaid milk proceeds and repeating the statutory language to the effect that ninety percent of the proceeds are exempt.

It is apparent that the debtors were members of the Niagara Milk Cooperative, Inc. They were milk producers and marketed their milk through the Cooperative. The Court has not been afforded the opportunity to review either the bylaws of the Cooperative or the terms of the so-called "letters of advice," those matters apparently being deemed by counsel as unnecessary to a determination of the issues. However, the Court is not unaware of the provisions of local law which regulate such relationships, as the same have been before the Court on previous occasions. *See, Wyoming County Bank v. Don B. Iwanicki as Trustee of Daniel Weber, Bankrupt,* AP 245 *(In re Daniel Weber,* B 78-02611 C, Bankr.W.D.N.Y., filed June 30, 1980.)

The Niagara Milk Cooperative, Inc., is an entity incorporated under the provisions of New York's Cooperative Corporation Law. Article 6 of that law, regulating agricultural cooperatives, provides in section 113 for the creation and accumulation of a general purpose reserve. The reserve is an operating fund created by withholding from each member a certain percentage of the money due the producer for the sale of the producer's milk either to or through the cooperative. Under the usual arrangement, any continuing interest of the dairy farmer in the money withheld or the fund created is regulated by the by-laws of the cooperative. Any repayment to the members customarily is contingent on the profitability of the cooperative and the action of its board of directors in declaring what is, in effect, a dividend.

Counsel have not offered any New York authority interpreting subsection (f) of section 5205 of New York's CPLR. This Court is not aware of any authority on the issue. The Court is satisfied, however, that the trustee's objection should be sustained on several grounds. Initially, because of the reserve requirements of section 113 of the Cooperative Corporation Law and the debtors' membership in the Cooperative, what originally may arguably have possessed some of the attributes of an account due has in fact been converted

into something else. It is either a loan to the Cooperative or an investment therein. Whatever it is, the "letters of advice" appear to be the only evidence of that interest. They are equivalent to the "milk certificates" which are issued by some cooperatives and which possess many of the characteristics of securities. The debtors' rights as evidenced thereby are based not on the proceeds of milk they marketed through the Cooperative but on the issuance of the "letters" sometime after the fiscal year to which they have reference.

Furthermore, the Court is satisfied that neither New York law nor the Federal Bankruptcy Code intended to afford farmer debtors a windfall not enjoyed by non-farmer debtors generally. While there is little legislative history on section 5205(f), the Court is satisfied that the purpose of the exemption for milk proceeds is to ensure that a judgment debtor who is a dairy farmer has sufficient current income from his milk check to purchase feed and maintain the dairy herd which is the source of his income.

Section 5205, subsection (f), was substantively amended in 1965 (New York Laws of 1965, Chapter 623). The exemption for milk proceeds was increased from sixty percent to ninety percent, as it remains today. The memorandum of Assemblyman Russell Selkirk helps to shed some light on the legislative purpose.

### Memorandum of Assemblyman Russell Selkirk

Milk proceeds, farmer's exemption A.I. 2257, Pr. 2257, Selkirk Ch. 623

*Civil Practice Law and Rules, § 5205.* At present, 60% of a farmer's milk check is exempt from application to the satisfaction of a money judgment. In other words 40% of a farmer's income from the sale of milk can be levied against.

A farmer's true income is the amount he has left after paying his feed bill and his other costs of operation and not his total milk check. Furthermore, in many cases the farmer's milk check is his sole source of income.

This bill would change the exemption to 90%, so that income executions could be levied against 10% of his milk check. Only 10% of an employee's wages are liable to such a judgment. Thus this proposed change to 10% for the farmer would seem eminently fair.

The amendment gave the farmer parity with the non-farmer judgment debtor, ninety percent of whose earnings from personal services already enjoyed exempt status. Assemblyman Selkirk's memo clearly indicates that it is the farmer's current income which is to be protected. It would be contrary to the clear language of section 5205(d) to allow an exemption for ninety percent of the personal service earnings of a non-farmer debtor, accumulated over a period of years, in an unlimited amount. There is nothing in section 5205(f) or the legislative history to indicate that farmer debtors were to be afforded any more favorable treatment. It would be highly inappropriate to allow such preferential treatment where it is not clearly mandated. To allow a farmer debtor to exempt ninety percent of a fund paid over to a cooperative over a period of years and not available to that farmer for his ongoing expenses at the time paid over, which fund could amount to $50,000 or $100,000 or more in the case of a large producer, would be a ridiculous and unwarranted amplification of the fresh start concept.

The trustee's objection is sustained.

So Ordered.